Graciela ZAMUDIO–GALVAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–72845.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 15, 2005.

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Andrew C. MacLachlan, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, · for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON, and BYBEE, Circuit Judges.

MEMORANDUM **

Graciela Zamudio–Galvan, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' summary affirmance of the Immigration Judge's denial of her application for cancellation of removal for lack of ten years continuous physical presence. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Zamudio–Galvan concedes that she traveled from the United States to Mexico to

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

visit her mother on or about May 5, 1996, and returned to the United States without inspection on or about March 20, 1997. Zamudio–Galvan contends, however, that she did not "depart" the United States because she did not leave the United States with the intention of abandoning her residence in this country. This contention founders on the plain language of the statute, which, without any requirement for scienter, unambiguously states that "an alien shall be considered to have failed to maintain continuous physical presence in the United States ... if the alien has departed ... for any period in excess of 90 days...." 8 U.S.C. § 1229b(d)(2).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.